UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTHONY C. KENNEY, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 09-CV-0478-CVE-FHM |
| | ) |
| FACILITIES PERFORMANCE GROUP, | ) |
| LIZA HART LOPER, and MARK WATSON, | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

Now before the Court are plaintiff's complaint (Dkt. # 1) and Motion for Leave to Proceed In Forma Pauperis (Dkt. # 2). Plaintiff appears to allege that his rights under the "1964 Civil rights act [sic]" were violated by "staring at someone said fraud-ly [sic] from by [sic] Tulsa International Airport from Continental Airlines!" Dkt. # 2, at 1-2. Plaintiff further alleges that this is a case for "wrongfull [sic] and unlawful determination [sic]." Id. at 1. It appears that plaintiff believes that his employment was terminated because he was "drinking from coke drink before going on duty," id. at 2, and "[t]his Facilities Performance company who has no policies or decilpine [sic] to their Company and dose [sic] not take 15 minute breaks or has insurance is only a fraud." Id. However, while plaintiff references a federal claim, the complaint does not state any factual allegations to support that claim. The Court will consider sua sponte whether plaintiff can state a claim for relief because plaintiff's complaint appears to be frivolous.

In considering dismissal under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. Dismissal under Rule 12(b)(6) is proper when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. A complaint must contain enough

"facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. For purposes of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the claimant. Id. at 555-56; Alvarado v. KOB-TV, L .L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001) (citations omitted). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991). A sua sponte dismissal is proper under Rule 12(b)(6) when "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Id. at 1110 (quotation omitted). Moreover, pursuant to 28 U.S.C. § 1915(e)(2)(ii), "the court shall dismiss the case . . . at any time if the court determines that the action . . . fails to state a claim on which relief may be granted . . . ."

In this case, plaintiff is proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe his pro se pleadings liberally when considering the allegations of his complaint. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002). Plaintiff's complaint does not allege any factual basis for his claims and, regardless of plaintiff's pro se status, the Court can not permit plaintiff to proceed if

there is no set of facts in support of his claim that would entitle him to relief.  Broadly construing the allegations of plaintiff's complaint, the Court finds the complaint does not state a claim upon which relief can be granted and, accordingly, plaintiff's case should be dismissed.[1]

With regard to plaintiff's motion for leave to proceed in forma pauperis, because plaintiff cannot state a claim on which relief can be granted, plaintiff's motion to proceed in forma pauperis is moot.

**IT IS THEREFORE ORDERED** that plaintiff's case is **dismissed** for failure to state a claim upon which relief can be granted.  A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Leave to Proceed In Forma Pauperis (Dkt. # 2) is **moot**.

**DATED** this 28th day of July, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] The Court notes that plaintiff has filed numerous lawsuits in this Court.  See Kenney v. NKC of America, 06-CV-132-JHP-FHM; Kenney v. Gill, et al., 06-CV-143-JHP-FHM; Kenney v. Harmon, et al., 06-CV-144-JHP-SAJ; Kenney v. Egan, et al., 06-CV-159-JHP-FHM; Kenney v. Trinity Industries, Inc., et al., 06-CV-585-GKF-FHM; Kenney v. Valmont Industries, Inc., et al., 06-CV-586-GKF-FHM; Kenney v. Debit Card Support Services Vipcard Inc., 06-CV-611-TCK-PJC; Kenney v. PCIDC Student Loan Inc., 06-CV-612-GKF-PJC; Kenney v. Professional Welding, et al., 07-CV-104-GKF-PJC; Kenney v. Stand by Personnel, et al., 07-CV-105-TCK-FHM; Kenney v. Gas Tech Engineering Corp Human Resource, 07-CV-350-GKF-SAJ; Kenney v. NICS Appeal Division FBI Information Services Clarksburg, 07-CV-351-TCK-PJC; Kenney v. Alorica Inc., 07-CV-637-TCK-PJC; Kenney v. SRC Aetna Company, 07-CV-701-TCK-FHM; and Kenney v. Board of Review Oklahoma Security Commission; 08-CV-45-CVE-PJC.  He has apparently done the same in Arkansas.  The Tenth and Eighth Circuits have repeatedly affirmed the district courts' orders dismissing plaintiff's complaints for failing to state a claim and for lack of subject matter jurisdiction.  See, e.g., Kenney v. Trinity Industries, Inc., 291 Fed. App. 875, (10th Cir. 2008) (unpublished); Kenney v. Millennium Rail, Inc., 224 Fed. Appx. 792 (10th Cir. 2007) (unpublished); Kenney v. Swift Transp., Inc., 159 Fed. Appx. 747 (8th Cir. 2005).

3