# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTHONY C KENNEY, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 09-CV-0478-CVE-FHM |
| ) | |
| FACILITIES PERFORMANCE GROUP, ) | |
| LIZA HART LOPER, and MARK WATSON ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

Now before the Court is plaintiff's pro se Motion to Reopen (Dkt. # 14). It appears that plaintiff seeks to reopen this case because he has not received unemployment benefits. The Court previously dismissed plaintiff's complaint for failure to state a claim upon which relief may be granted. Dkt. # 3. Plaintiff appealed, and the Tenth Circuit affirmed. Dkt. # 12.

The Court treats plaintiff's motion as a motion for relief from a judgment or order pursuant to Fed. R. Civ. P. 60(b). The rule permits a court to relieve a party from a final judgment for certain reasons, including mistake, fraud, or newly discovered evidence. Relief may only be granted "'when it offends justice to deny such relief.'" Yapp v. Excel Corp., 186 F.3d 1222, 1232 (10th Cir. 1999) (quoting Cashner v. Freedom Stores, Inc., 98 F.3d 572, 580 (10th Cir. 1996)). "Relief under Rule 60(b)(6) is appropriate when circumstances are so 'unusual or compelling' that extraordinary relief is warranted, or when it 'offends justice' to deny such relief." Cashner, 98 F.3d at 580 (citation omitted).

The fact that plaintiff is not receiving unemployment benefits does not merit reopening this case,[1] nor does it change the fact that plaintiff failed to state a cognizable claim in his complaint.

**IT IS THEREFORE ORDERED** that plaintiff's motion to reopen (Dkt. # 14) is **denied**.

**DATED** this 9th day of March, 2010.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] Plaintiff alleges that defendants are committing fraud. This is not the sort of fraud that forms the basis for relief from judgment under Fed. R. Civ. P. 60(b); the rule is concerned with fraud that affected the outcome of a case.